Fricchione v. Department of Education.

Argued January 7, 1972, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John D. Killian,* with him *Killian & Gephart,* for appellant.

*Benjamin Frank,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 11, 1972:

The issue before us is a very narrow one. Does appellant have a right of appeal from the action of the Department of Education denying him a certificate as a Coordinator of Vocational Education? Regulation 10-350 of the State Board of Education lists the criteria for certification as a Coordinator of Vocational Education: "The applicant shall have a *minimum of three years satisfactory teaching experience in the appropriate field of vocational education on a vocational instructional certificate,* shall have completed 90 semester hours in an approved program of studies preparing for the responsibilities of coordinating programs in vocational education, and shall have been recommended by the preparing institution." (Emphasis supplied)

The Department of Education denied appellant's application on the basis that appellant failed to comply with Regulation 10-350 by filing a record of three years satisfactory teaching experience in the appropriate field of vocational education on a vocational instructional certificate. The record supports the Department's po-

sition and shows that appellant did not receive his vocational instructional certificate until June, 1969, in which event his three years of satisfactory teaching experience on a vocational instructional certificate could not be completed before June, 1972. Nevertheless, appellant has appealed from the action of the Department of Education to this Court.

Appellant asserts a right of appeal under the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 *et seq*. For reasons which follow, we hold that appellant has no right of appeal upon the facts of this case, but this is not to say that he would be without an appropriate remedy if he were able to show facts other than as they appear in this record. Section 9 of the Judiciary Article of the Constitution of Pennsylvania, adopted in 1968, states in part: ". . . and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, . . . ." Our Supreme Court has observed: "This [Section 9] introduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decision. This section was not, of course, self-executing, and on December 2, 1968 the General Assembly adopted four statutes designed to implement it. They were Acts Nos. 351, 353, 354, and 355." *Smethport Area School District v. Bowers*, 440 Pa. 310, 314, 269 A. 2d 712, 715 (1970).

Act No. 354 amended the Administrative Agency Law and added Section 47 which states: "Jurisdiction of Appeals.—Where an act of assembly expressly provides that there shall be no appeal from an adjudica-

tion of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, or where the applicable acts of assembly are silent on the question of judicial review, any person aggrieved by such an adjudication, who has a direct interest in such adjudication may nevertheless appeal the same. . . ." 71 P.S. §1710.47.

Our inquiry now turns to what is an adjudication. An adjudication is defined by the Administrative Agency Law, 71 P.S. §1710.2, as: ". . . any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, . . . ." Did the action of the Department of Education constitute an adjudication so as to bring appellant within the ambit of the Administrative Agency Law, granting the right to appeal here sought? We hold that it did not. Not every action of an administrative agency is an adjudication. The action of the Department of Education here was purely ministerial. There is no exercise of discretion in determining whether an applicant has fulfilled the requirements as here. There is no act of discretion here involved. An exercise of discretion would appear to be the starting point in determining whether an agency's action is an adjudication. The appellant has failed to overcome this initial hurdle. ". . . [T]he Administrative Agency Law does not afford review of actions of governmental bodies which are not adjudications or judicial in nature." *Manheim Township School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 276 A. 2d. 561 (1971).

Appellant's remedy, if he had one on facts other than appear in this record, would be in mandamus to compel issuance of the certificate upon a showing that the Department of Education is required to perform

292

upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority. *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 199, 244 A. 2d 754 (1968).

Therefore, we make the following

ORDER

Now, February 11, 1972, the appeal of Daniel F. Fricchione is hereby dismissed.