**Tanya K. NITTERHOUSE, and Sunnyhill Properties, Inc., Petitioners,**

v.

**DEPARTMENT OF GENERAL SERVICES, BOARD OF COMMISSIONERS OF PUBLIC GROUNDS AND BUILDINGS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1997.
Decided Jan. 23, 1998.

---

**382**

William W. Warren, Jr., Harrisburg, for petitioners.

Peter M. Good, Harrisburg, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Before the Court are two matters that were listed together for argument: first, is the Motion to Dismiss for Lack of Jurisdiction of the Department of General Services, Board of Commissioners of Public Grounds and Buildings (Board); second, is the appeal of Tanya K. Nitterhouse and Sunnyhill Properties, Inc. (collectively Nitterhouse) to the Board's approval of a lease in favor of Nickson W. Oyer. We hereby dismiss this matter for lack of jurisdiction, and we therefore cannot address the merits of Nitterhouse's appeal.

The facts are as follows. The Department of General Services (DGS) solicited lease proposals for office space in Chambersburg, Pennsylvania, to be used by the Department of Public Welfare (DPW). After evaluating the competing proposals, DGS and DPW recommended that the Board award the lease to Nickson W. Oyer. Thereafter, the Board, which is empowered by statute to approve or disapprove all state leases, approved the lease in favor of Oyer.

DPW's offices in Chambersburg were previously leased from Nitterhouse. Nitterhouse, who had also submitted a proposed lease for DPW's offices, was given the opportunity to make comments at a Board meeting prior to the Board's approval of Oyer's lease. Nitterhouse's counsel objected to the proposed award to Oyer and to comments made by Oyer's attorney. The Board still awarded the lease to Oyer. Eventually, the Secretary of DGS signed the lease document, and the lease was fully executed.

Nitterhouse brought the underlying appeal contending that the Board's decision to accept Oyer's lease proposal was an adjudication subject to the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, because the decision affected Nitterhouse's property rights as a proposed lessor and as a citizen of the Commonwealth of Pennsylvania and of Chambersburg. In addition, Nitterhouse argues that since the Board's decision was an adjudication, the Board is required to substantiate its determination with published findings, which it failed to do in this case. The Board responds by arguing that its decision was not an adjudication under the Administrative Agency Law affording Nitterhouse a right to appeal. The Board adds that Nitterhouse is in a position analogous to that of a disappointed bidder, who historically does not sustain an injury redressable by this Court simply because it was not awarded a state contract.[1] We agree with the Board.

■ Pursuant to the Administrative Agency Law, "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has

---

**1.** This is not the typical disappointed bidder case where the disappointed bidder alleges that it was the lowest responsible bidder.

a direct interest in such adjudication shall have the right to appeal." 2 Pa.C.S. § 702. For purposes of administrative law and procedure, an "adjudication" is defined as "[a]ny final ... decision ... by an agency affecting personal or property rights." 2 Pa.C.S. § 101. Thus, only agency decisions that affect a party's legitimate expectations of personal or property rights are appealable and need to be substantiated. In the present case, the Board's decision does not reach the level of an adjudication because Nitterhouse had no legitimate expectation of personal or property rights in the awarding of the state lease. It follows, therefore, that Nitterhouse has no standing to appeal, and the Board has no obligation to substantiate its decision.

■ Simply stated, the Board's decision to accept an alternative approval did not trigger due process requirements. *See Graham v. Pennsylvania State Police,* 160 Pa.Cmwlth. 377, 634 A.2d 849, 851 (1993) (stating "a property interest is entitled to protection by the requirements of due process only when there is a legitimate claim of entitlement to that right"). Moreover, we agree with the Board's conclusion that Nitterhouse is akin to a disappointed bidder who suffers no redressable injury simply by virtue of the awarding of a state contract to another party. *See generally J.P. Mascaro & Sons, Inc. v. Township of Bristol,* 95 Pa.Cmwlth. 376, 505 A.2d 1071, 1073, (1986) (stating "a disappointed bidder has sustained no injury which entitles him to redress in court").

Accordingly, this matter is dismissed for lack of jurisdiction.

#### ORDER

AND NOW, this 23rd day of January, 1998, the above-captioned matter is dismissed for lack of jurisdiction.

LEADBETTER, J., did not participate in the decision in this case.