Bethany **DAUER**, Petitioner

v.

**DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 2005.

Decided May 12, 2005.

---

BEFORE: COLINS, President Judge, and LEADBETTER, J., and SIMPSON, J.

OPINION BY Judge LEADBETTER.

Bethany Dauer petitions for review of the decision of the Department of Education (Department) denying her application to add a certification to teach Spanish to her existing Instructional I certificate for elementary education. The Department denied the application because Dauer lacked a passing grade on a prerequisite test, *i.e.*, the Praxis II test in Spanish Content Knowledge. Dauer contends that the Department erred in failing to excuse, at least temporarily, her failure to pass this test. Dauer argues that either the Secretary should have granted the certificate based upon Dauer's excellent academic record and excellent teaching skills or the Department should have extended Dauer's emergency teaching permit, which allowed her to teach Spanish without certification, pending retesting under conditions to accommodate a recently diagnosed learning disability.

Dauer, who holds a Bachelors degree in elementary education with minors in German and Spanish and a Masters degree in secondary education, taught Spanish to eighth grade students in the Mars Area Middle School during the 2002–2003 and 2003–2004 school years. Because Dauer holds an Instructional I K–6 teaching certificate, which did not certify her to teach a substantive subject such as Spanish at the eighth grade level, the School District obtained a 01 Emergency Permit.[1] Accord-

Melina C. McTigue and Todd Park, Harrisburg, for petitioner.

Robert M. Tomaine, Asst. Counsel, Harrisburg, for respondents.

---

1. The Department of Education issues emergency permits pursuant to 22 Pa.Code § 49.31, which provides as follows:

    The Department may issue an emergency permit for service in the public schools, at the request of the employing public school entity, to an applicant who is a graduate of a 4–year college or university to fill a professional vacancy when a fully qualified and properly certificated applicant is not available. The emergency permit is issued on the basis of terms and conditions agreed upon between the requesting public school entity and the Department. Each July, the

ing to the Department of Education's Certification and Staffing Guideline No. 13, the permit authorized Dauer to teach Spanish subject to her satisfaction of the testing requirements necessary to obtain the permanent teaching certificate in her subject area. Further, pursuant to the Department guidelines, the Department could issue the 01 Permit for no more than two academic years.

In order to obtain her certification to teach Spanish, Dauer satisfactorily completed all the course requirements but after multiple attempts from September of 2002 through March of 2004, she failed to achieve a satisfactory score on the Praxis II Spanish examination. Nevertheless, Dauer applied to the Department's Bureau of Teacher Certification and Preparation for her certificate to teach Spanish. On April 1, 2004, the Bureau denied Dauer's application due to her failure to achieve a passing grade on the Praxis II. Dauer appealed to the Secretary of Education's Certification Appeal Committee. In her letter appealing the Bureau's decision, Dauer admitted that she had failed to pass the Praxis II but sought certification based on her academic and teaching achievements and she described her extensive remedial efforts to pass the Praxis II. In addition, Dauer explained that, during April of 2004, she would be taking additional language classes in preparation to retake the Praxis II and also to take, for the first time, the test offered by the American Council on the Teaching of Foreign Languages (ACTFL), which she stated had been suggested to her by an employee at the Department.

The Committee held a hearing on June 2, 2004, at which Dauer stated that she had failed to achieve a passing grade on the ACTFL in April. Dauer further stated that she was scheduled to retake the Praxis II on June 12. Dauer described her history of poor testing ability dating back to her SAT scores and she explained that, while she had not been diagnosed with a cognitive disability, she had an appointment later in June to be evaluated by a psychologist for such a disability. This evaluation, documented in a written report, which appears in the certified record, revealed that she suffers from a learning disability. Dauer reports in her brief to this court that, based upon this diagnosis, she was granted accommodations when she once again took the Praxis II sometime after June 2004. After considering Dauer's testimony and the documentation submitted with her application, the Committee recommended to the Secretary of Education that the Bureau's decision be sustained. Based upon this recommendation and her review of the record, the Secretary, in a letter dated July 22, 2004, denied Dauer's request for a certificate. Thereafter, Dauer filed the present appeal.

On appeal, Dauer contends that the Department violated Title II of the Americans with Disabilities Act by failing to grant her reasonable accommodations in light of her learning disability.[2] Dauer

---

Department will report to the Board the number and nature of emergency permits issued during that year.

Under the Department's Certification and Staffing Guideline No. 13, a Type 01 Emergency Permit "is issued to fill a professional or temporary professional vacancy created as a new position or by the resignation, termination, retirement or death of an incumbent."

2. Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131—12165, prohibits discrimination by public entities. Specifically, Dauer relies upon § 12132, which provides:

Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities

further asserts that the Department erred in failing to afford sufficient weight to the evidence of her successful academic and teaching performance. Finally, Dauer contends that the Department violated her constitutional rights. Specifically, Dauer asserts a violation of: (1) substantive due process in that the decision is arbitrary and capricious; (2) procedural due process insofar as the Committee limited the hearing to a presentation of her case rather than a full-fledged adversarial proceeding; and (3) equal protection insofar as the Department previously waived the testing requirement for another certification candidate.

Our consideration of the issues raised by Dauer depends initially on whether the Department's refusal to issue her a certificate amounts to an adjudication and that, in turn, depends on whether it affected a legally protected interest. Under the Administrative Agency Law (Law), 2 Pa.C.S. § 702, Dauer has a right of appeal only if she is aggrieved by an adjudication in which she has a legally protected interest. The Law defines "adjudication" as "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is

made." 2 Pa.C.S. § 101. Where no right, privilege or immunity is in jeopardy, an agency's action does not constitute an adjudication. Moreover, where the decision is based upon ministerial application of objective criteria, rather than an exercise of discretion, there can be no legitimate expectation that the agency will act otherwise and hence there is no right, privilege or immunity at stake.

For example, in *Nitterhouse v. Department of General Services*, 706 A.2d 381 (Pa.Cmwlth.1998), we held that the Department of General Services did not render an adjudication when it declined to renew a lease because the property owner "had no legitimate expectation of personal or property rights in the awarding of the lease." *Id.* at 383. *See also Keeley v. State Real Estate Comm'n*, 93 Pa.Cmwlth. 291, 501 A.2d 1155, 1157 (1985) ("To have a property interest in a benefit or privilege that is protected by due process, one must clearly have more than an abstract need or desire for it or an unilateral expectation of it, rather, he must have a legitimate claim of entitlement to it.") In *Farmland Industries, Inc. v. Penn Dairies, Inc.*, 81 Pa.Cmwlth. 340, 473 A.2d 730 (1984), we held that the Secretary of Commerce did not render an adjudication when it approved a tax-exempt loan. In *Farmland*, we reasoned as follows:

of a public entity, or be subjected to discrimination by any such entity.

We note that, in *Jacobsen v. Tillmann*, 17 F.Supp.2d 1018 (D.Minn.1998), a case involving circumstances nearly identical to Dauer's, the United States District Court for the district of Minnesota rejected the same argument made here by Dauer regarding Title II. The court concluded that a waiver of the math assessment test for teachers was not a reasonable modification required under Title II and reasoned:

The objective ability to perform and demonstrate math skills is an inherent part of a teacher's duties. The State, which publicly validates the competence of a teacher by

issuing a license, is entitled to demand and receive an objective demonstration of competence. While a public entity shall not impose eligibility criteria that tend to screen out an individual with a disability, it may do so if "such criteria can be shown to be necessary for the provision of the ... activity being offered." *Pottgen [v. Missouri State High Sch. Activities Ass'n*, 40 F.3d 926,] 931 n. 6 [(8th Cir.1994)] [quoting 28 C.F.R. § 35.130(b)(8)]. Thus, the Court finds that the PPST is an essential eligibility requirement for teacher licensure in the State of Minnesota.

*Id.* at 1025. While not binding, we find this analysis persuasive.

[T]he Secretary of Commerce acted pursuant to the mandates of the Industrial and Commercial Development Authority Law.... There is no adversarial proceeding, the Secretary's action is purely ministerial, his involvement is only to ensure that the statutory criteria of the Law for receipt of a loan have been satisfied.... Hence, ... the Secretary's action is not an adjudication and cannot be used to invoke this Court's appellate jurisdiction.

*Id.* at 732.

Similarly, in *Flinn v. Pittenger*, 19 Pa. Cmwlth. 54, 338 A.2d 735 (1975) and *Fricchione v. Department of Education*, 4 Pa. Cmwlth. 288, 287 A.2d 442 (1972), we ruled that the Secretary of Education decides an application for teacher certification based upon satisfaction of objective regulatory requirements and therefore the decision is ministerial rather than adjudicative. *Flinn*, 338 A.2d at 737; *Fricchione*, 287 A.2d at 443. In *Fricchione*, the Department denied an application for a certificate as a Coordinator of Vocational Education because the applicant failed to establish at least three years satisfactory teaching experience in the appropriate field of vocational education as required under a Departmental regulation. Our court, applying the definition of "adjudication" in the former Administrative Agency Law,[3] identical to that in the present Law, stated:

Not every action of an administrative agency is an adjudication. The action of the Department of Education here was purely ministerial. There is no exercise of discretion in determining whether an applicant has fulfilled the requirements as here. There is no act of discretion

here involved. An exercise of discretion would appear to be the starting point in determining whether an agency's action is an adjudication.

*Id.* at 443. Consequently, we concluded that there was no right to appeal.[4]

In the present case, Dauer admittedly failed to pass the Praxis II assessment test required for certification. *See* 22 Pa.Code § 49.18 (requiring Department's implementation of an assessment program to test basic skills); 22 Pa.Code § 49.82(3) (requiring proof of satisfactory achievement in the assessment prescribed under § 49.18 in order to obtain certification). Therefore, having failed to satisfy all of the requirements for certification, Dauer could have no expectation that a certificate would issue. In this respect, she had no right, privilege or immunity in jeopardy. *See Sergi v. Sch. Dist. of Pittsburgh*, 28 Pa.Cmwlth. 576, 368 A.2d 1359, 1361 (1977) (school district's termination of untenured nonprofessional employee was not an adjudication subject to due process under Local Agency Law because employee had no enforceable expectation of continued employment pursuant to a contract or statute).

Therefore, we dismiss Dauer's petition for review.

### ORDER

AND NOW, this 12th day of May, 2005, Bethany Dauer's Petition for Review in the above captioned matter is hereby DISMISSED.

**3.** Section 2 of Act of June 4, 1945, P.L. 1388, *formerly* 71 P.S. § 1710.2, repealed by the Act of April 28, 1978, P.L. 202.

**4.** *Compare Logsdon v. Dep't of Educ.*, 671 A.2d 302 (Pa.Cmwlth.1996) (treating denial of certificate to applicant who failed to pass requisite tests as an adjudication where the issue before the court was the applicability of the testing regulations).