# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warner J. Hamilton Jr. and   :
Maria D. Hamilton,     :
      Petitioners :
          :
    v.     : No. 705 F.R. 2019
          : SUBMITTED:  March 11, 2022
Commonwealth of Pennsylvania, :
     Respondent :


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**      **FILED:  September 7, 2022**


    Taxpayers, Warner J. Hamilton, Jr. and Maria D. Hamilton, petition *pro se* for review of the Board of Finance and Revenue's denial of their request for reconsideration from the decision and order dismissing Taxpayers' petition for refund.[1]  In the absence of an abuse of discretion, we affirm the Board of Finance and Revenue's denial.[2]

---

  [1] In Taxpayers' brief, Mrs. Hamilton advised the Court of her husband's 2021 death.  While the Court remains responsible for deciding this matter and applying the applicable law, we extend our condolences to Mrs. Hamilton.

  [2] Because the vote of the commissioned judges was evenly divided, the opinion is filed "as circulated" pursuant to Section 256(b) of the Commonwealth Court's Internal Operating Procedures.  210 Pa. Code § 69.256(b).

The pertinent background of this matter is as follows. In July 2016, Taxpayers were issued an assessment for personal income tax imposed on interest income in the form of annuity death benefit payments. In the spring of 2017, notices were issued advising them that they had an outstanding balance for Commonwealth tax liabilities but were eligible to participate in the Department of Revenue's Tax Amnesty Program. They chose to participate in the program, paying by electronic check which the Department processed.

In November 2018, Taxpayers filed a petition for refund asserting that the assessed tax was improperly imposed on funds that were already taxed. In December 2018, the Board of Appeals dismissed their petition for failure to file their petition within six months of the actual payment. *See* Section 3003.1(d) of the Tax Reform Code of 1971.[3] The Board of Finance and Revenue agreed, noting that Taxpayers paid the tax on May 30, 2017, but did not file their petition for refund until November 26, 2018, 361 days beyond the time limitation. (June 11, 2019 Board of Finance and Revenue Decision at 2, Ex. B to Commonwealth's Br.) In addition, the Board of Finance and Revenue observed that Taxpayers satisfied their tax liability through the Tax Amnesty Program, which bars the right to claim any refund of money paid under the program. *Id*.

By letter dated June 20, 2019, Taxpayers requested reconsideration of the denial of their petition for refund. On June 25, 2019, the Board of Finance and Revenue denied the request. In July 2019, Taxpayers filed a letter with this Court thereby preserving the filing date of their planned appeal. Subsequently, Taxpayers filed an ancillary petition for review stating:

---

[3] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 14 of the Act of July 1, 1985, P.L. 78, 72 P.S. § 10003.1(d).

2

We received money from my [Mr. Hamilton] father's inheritance that was not taxed in the state of Pennsylvania, so we paid the state taxes on the amount given to us by the lawyers . . . . Due to an error, the amount was included on our taxes, so the state understood that this was more money and income needed to be taxed. We started to appeal this when we received the first notice[,] but we were accruing interest. We decided to pay the interest to avoid more penalties, while we waited to hear the outcome of the issue. . . . We are asking the court for a decision in our favor to return the money from the interest and penalties we paid in this situation. Thank you.

(Aug. 12, 2019 Ancillary Pet. for Review at 1.)

The Commonwealth filed an application to quash the ancillary petition, alleging that it was either an untimely appeal of the Board of Finance and Revenue's June 11, 2019 decision or an attempted appeal of a non-appealable June 25, 2019 letter from the Board of Finance and Revenue denying reconsideration. In denying the Commonwealth's application, this Court held that Taxpayers' appeal of the Board of Finance and Revenue's letter denying reconsideration was timely and could go forward. However, we held that Taxpayers' attempted appeal of the decision denying their petition for refund was untimely. We stated that the timeliness of an appeal goes to our jurisdiction to hear and decide an appeal, which cannot be extended absent fraud, a breakdown in the administrative or court process, or non-negligent circumstances justifying a late appeal. *Hamilton v. Commonwealth* (Pa. Cmwlth., No. 705 F.R. 2019, filed Nov. 22, 2021) (Crompton, J.) ("*Hamilton*"), slip op. at 7. In addition, we reiterated that the filing of a petition for reconsideration does not toll the thirty-day appeal period. *Id*. Consequently, we held that we could consider the Board of Finance and Revenue's denial of reconsideration from the decision dismissing Taxpayers' petition for refund but not the merits of the decision

3

denying the petition.[4] The net result is that we may only reverse the Board of Finance and Revenue's decision to deny reconsideration for an abuse of discretion but may not delve into the merits of the denial of the petition for refund. *Id*. at 7-8.

We now consider whether the Board of Finance and Revenue abused its discretion in denying Taxpayers' petition for reconsideration.[5] "A request for reconsideration may be filed by a party to object to a Board order due to the Board's alleged failure to address an issue raised in the appeal, error of law or fact, or computational error." 61 Pa. Code § 703.41(a). "Neither the sufficiency of the submission nor a determination as to whether a party satisfied its burden of proof is a basis for reconsideration." *Id*.

In the request for reconsideration, Taxpayers stated that they were requesting reconsideration and enclosed the same documents previously submitted

---

[4] In light of this decision, we entered an order which set a briefing schedule and further stated, *inter alia*, "Briefing shall be limited to whether or not the Board of Finance and Revenue abused its discretion by denying [Taxpayers'] request for reconsideration." (Order 11/22/2021). In derogation of this order, the Commonwealth renewed its jurisdictional argument in its brief. While we disagree with the Commonwealth and the dissent that the cited regulations can fairly be read to prohibit appeals from denials of reconsideration, and we question the power of an agency to impose such a rule on its own authority, we will not address the issue further here.

[5] Absent evidence of bad faith, fraud, capricious action or abuse of power, this Court will not review administrative tribunals' acts of discretion. *Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988). It has been long established that an abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." *Mielcuszny v. Rosol*, 176 A. 236, 237 (Pa. 1934). In addition, it is well established that abuse of discretion is a high standard, requiring this Court to abide by an agency's decision absent satisfaction of the foregoing criteria. *Slawek v. State Bd. of Med. Educ. & Licensure*, 586 A.2d 362, 365 (Pa. 1991).

in their petition for refund.  Their request letter, submitted by Albert G. Smith MA, RTRP,[6] provided:

> This letter is for a request for Reconsideration for [Taxpayers], Social Security Number [].  Please find the enclosed documents of Board of Appeals Petitioner Form, original letter dated 2-24-2016, original notice dated 2-17-2016, follow[-]up letter dated 6-3-2016, Billing Notice dated 5-19-2016, copies of 1099 R from Life Insurance Co of the Southwest, 1099 R from Transamerica Advisors Life Insurance Co, 1099 R of the Life Insurance Co of the Southwest, 1099 R from America General Life Ins., Pennsylvania Department of Revenue notice, letter dated 11-24-2016.  If you need any additional information, please contact me.  Thank you for your time.

(June 20, 2019 Req. for Recons. at 1, Ex. D to Commonwealth's Br.)

The Board of Finance and Revenue did not abuse its discretion in denying Taxpayers' request for reconsideration.  In Taxpayers' request, they did not assert any grounds for the Board to reconsider its original order.  In addition, in their brief to this Court, they failed to assert any basis for an abuse of discretion on the part of the Board in denying their request.  Their perception that they maintained communication with the courts and the Commonwealth "in a timely and appropriate manner" and assertion of alleged "misinformation from numerous sources, for example the [Tax] Amnesty Program[,]"[7] simply are not sufficient to rise to the level of an abuse of discretion.[8]

---

[6] According to Taxpayers, their accountant requested reconsideration.

[7] (Taxpayers' Br. at 6.)

[8] The decision dismissing Taxpayers' petition for refund stated:

> [Taxpayers] were subsequently issued notices on April 17 and May 10, 2017, that they had an outstanding balance for Pennsylvania tax liabilities, and were eligible to participate in the

**(Footnote continued on next page…)**

Accordingly, we affirm.[9]

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

Department of Revenue's Tax Amnesty Program. These notices included the statement "Important Note – *If you elect to take advantage of this program, you* shall forgo all rights to protest any amnesty eligible period and *may not file a later claim for refund for amounts paid through the Tax Amnesty Program*."

(June 11, 2019 Board of Finance and Revenue Decision at 1, Ex. B to Commonwealth's Br.)(emphasis added).

[9] Notwithstanding the Commonwealth's reiteration of its argument that the denial of Taxpayers' petition for reconsideration is not a final order of a government unit and, therefore, not reviewable on appeal, we rely on the ruling set forth in *Hamilton* rejecting the Commonwealth's position.

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Warner J. Hamilton Jr. and | : | |
| Maria D. Hamilton, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 705 F.R. 2019 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 7th day of September, 2022, the Board of Finance and Revenue's denial of Petitioners' request for reconsideration from the Board's decision and order is hereby AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Warner J. Hamilton Jr. and : 
Maria D. Hamilton, : 
          Petitioners : 
    : 
    : 
       v. : 
    : 
Commonwealth of Pennsylvania, :   No. 705 F.R. 2019
          Respondent :   Submitted: March 11, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COVEY                             FILED: September 7, 2022


      Respectfully, I disagree with the Majority's conclusion that this Court has jurisdiction to decide the instant appeal. Because the Board of Finance and Revenue's June 25, 2019 letter denying reconsideration is not an appealable order, I believe this Court lacks jurisdiction.

      In the instant case, this Court, in a single-judge memorandum opinion, denied the Commonwealth's Motion to Quash. *See Hamilton v. Commonwealth* (Pa. Cmwlth. No. 705 F.R. 2019, filed Nov. 22, 2021) (*Hamilton I*). In *Hamilton I*, the Court determined that an administrative agency's denial of reconsideration is an appealable order based on case law and Section 5105(a)(2) of the Judicial Code, 42 Pa.C.S. § 5105(a)(2) (relating to a right of appeal from an administrative agency's final order). However, the cases upon which *Hamilton I* relied, *Keith v. Department of Public Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988), and *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources*, 465 A.2d 108 (Pa.

Cmwlth. 1983), as well as Section 5105(a)(2) of the Judicial Code, refer to the application of the Administrative Agency Law.[1] Importantly, the Administrative Agency Law does not apply to the Board of Finance and Revenue.

Significantly, Section 701 of the Administrative Agency Law (Scope of Subchapter) provides, in relevant part:

> **(a) General rule.--**Except as provided in subsection (b), this subchapter [entitled Judicial Review of Commonwealth Agency Action] shall apply to all Commonwealth agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.
>
> **(b) Exceptions.--**None of the provisions of this subchapter shall apply to:
>
> (1) Any matter which is exempt from Subchapter A of Chapter 5 [of the Administrative Agency Law] (relating to practice and procedure of Commonwealth agencies).

2 Pa.C.S. § 701 (underline emphasis added).

Subchapter A of Chapter 5 of the Administrative Agency Law (entitled Practice and Procedure of Commonwealth Agencies), specifically, Section 501 of the Administrative Agency Law (Scope of Subchapter) states, in pertinent part:

> **(a) General rule.--**Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies.
>
> **(b) Exception.--**None of the provisions of this subchapter shall apply to:
>
> (1) Proceedings before the Department of Revenue, Auditor General or Board of Finance and Revenue, involving the original settlement, assessment or determination or resettlement, reassessment or redetermination, review or refund of taxes, interest or payments made into the Commonwealth treasury.

---

[1] 2 Pa.C.S. §§ 501-508, 701-704.

2 Pa.C.S. § 501 (underline emphasis added).  Here, because Warner J. Hamilton Jr. and Maria D. Hamilton (Taxpayers) are appealing from the Board of Finance and Revenue's order dismissing Taxpayers' petition for refund, the Administrative Agency Law does not apply.

Further, Section 5105(a) of the Judicial Code provides, in relevant part:

**General rule.--**There is a right of appeal under this subsection from the final order (including an order defined as a final order by general rule) of every:

. . . .

(2) Government unit which is an administrative agency within the meaning of section 9 of Article V of the Constitution of Pennsylvania to the court having jurisdiction of such appeals.  An order is appealable under this paragraph notwithstanding the fact that it is not appealable under Chapter 7 of Title 2 (relating to judicial review).

42 Pa.C.S. § 5105(a).  The "Bar Association Comment" following that provision expounds, in pertinent part: "Subsection (a)(2) (second sentence) [is] intended to overrule *Fricchione v. Department of Education*, [287 A.2d 442] ([Pa. Cmwlth.] 1972)." *Id*. cmt.

The issue in *Fricchione* was whether the Department of Education's action constituted an adjudication from which the appellant could appeal under the Administrative Agency Law.  The *Fricchione* Court held: "'(T)he Administrative Agency Law does not afford review of actions of governmental bodies which are not adjudications or judicial in nature.' *Manheim* [*Twp.*] *Sch*[.] *Dist*[.] *v. State* [*Bd.*] *of Educ*[.], . . . 276 A.2d 561 ([Pa. Cmwlth.] 1971)." *Fricchione*, 287 A.2d at 443. Because Section 5105(a) of the Judicial Code was added to clarify the Administrative Agency Law's application, and the Administrative Agency Law expressly excludes Board of Finance and Revenue proceedings, Section 5105(a) of the Judicial Code does not apply to the Board of Finance and Revenue.

Moreover, Section 703.45(a) of the Board of Finance and Revenue's Regulations provides:

> A request for reconsideration is not a substitute for a court appeal. When the Board [of Finance and Revenue] denies the request for reconsideration[,] the Board[] [of Finance and Revenue's] original order is a "final order" for purposes of appeal to Commonwealth Court within the time specified by Pennsylvania Rule of Appellate Procedure 1571(b) (relating to ["**D**]eterminations **of the Board of Finance and Revenue**[" Pa.R.A.P. 1571(b)]). When the Board [of Finance and Revenue] grants a request for reconsideration the time period for filing an appeal is stayed until the Board [of Finance and Revenue] issues a reconsidered order. The reconsidered order will replace the original order and will be a "final order" appealable to Commonwealth Court within the time specified by Pennsylvania Rule of Appellate Procedure 1571(b).

61 Pa. Code § 703.45(a) (emphasis added).

In addition, in the instant action, the Notice included with the Board of Finance and Revenue's order expressly provided:

> The enclosed Board of Finance and Revenue Order ("Order") is a "final order" for purposes of appeal to the Commonwealth Court.
>
> **APPEAL TO COURT** – **If you are dissatisfied with the enclosed Order, you may appeal to the Commonwealth Court of Pennsylvania ("Court") by filing a Petition for Review with the Court within the time specified by Rule 1571(b) of the Pennsylvania Rules of Appellate Procedure**.
>
> **REQUEST FOR RECONSIDERATION** – If you think that the Order contains a misstatement of fact or law based on evidence previously submitted, you can request that the Board [of Finance and Revenue] reconsider its Order by filing a written Request for Reconsideration with the Board [of Finance and Revenue] within 15 days from the mailing date indicated on the Order.

AEC - 4

> *Important*: **A Request for Reconsideration is not a substitute for a Court appeal**. When a Request for Reconsideration is filed, the Board [of Finance and Revenue] will respond within five days advising both the Petitioner and the Department [of Revenue] that either: 1) the Request for Reconsideration is denied and the Board [of Finance and Revenue] will not issue a Reconsidered Order; or 2) the Request for Reconsideration is granted in which case the Board [of Finance and Revenue] will further review the Request for Reconsideration and will subsequently issue a Reconsidered Order. If the Board [of Finance and Revenue] responds that a Reconsidered Order will be issued, the Reconsidered Order will be a "final order" appealable to the Court as set forth above.

Petition for Review at 9 (all emphasis in original). Consequently, because a taxpayer has 15 days to request reconsideration, and the Board of Finance and Revenue has 5 days to respond, if reconsideration is denied, a taxpayer has 10 days to timely appeal from the Board of Finance and Revenue's original order to this Court.

Finally, the June 25, 2019 letter denying reconsideration herein included the following: "The original order remains the Board [of Finance and Revenue]'s final order and is appealable to Commonwealth Court within the time specified in 1571(b) of the Pennsylvania Rules of Appellate Procedure [(relating to review of "Determinations of the Board of Finance and Revenue," Pa.R.A.P. 1571)]." Commonwealth Br. Appendix A. Because a denial of a reconsideration request is not a final order, and neither Taxpayers nor the Majority has presented any authority to show otherwise, it is not appealable.

Just as a trial court's denial of reconsideration is not an appealable order, *see Chaney v. Fairmount Park Real Est. Corp.*, 155 A.3d 648 (Pa. Cmwlth. 2016); *see also Commonwealth v. Rachau*, 670 A.2d 731 (Pa. Cmwlth. 1996) (trial court order denying motion for reconsideration dismissed as unreviewable); *Thorn v. Newman*, 538 A.2d 105 (Pa. Cmwlth. 1988) (order denying reconsideration not reviewable on appeal), neither is the Board of Finance and Revenue's denial of reconsideration an

appealable order.  Accordingly, since the Board of Finance and Revenue's June 25, 2019 letter denying reconsideration is not an appealable order, I would quash the appeal for lack of jurisdiction.[2]

_____
ANNE E. COVEY, Judge

---

[2] It is [] well[-]settled [law] that where subject matter jurisdiction does not exist, consent of the parties is incapable of conferring such jurisdiction. *Roberts v. Martorano*, . . . 235 A.2d 602 (Pa. 1967); *Local 302, [Int'l] [Ass'n] of Fire Fighters v. City of Allentown*, . . . 423 A.2d 1119 ([Pa. Cmwlth.] 1980).  In *Pozzuolo Estate*, . . . 249 A.2d 540, 545 ([Pa.] 1969), the [C]ourt stated, "[n]either by act of the parties *nor by the act of this Court* can jurisdiction be conferred upon a court where jurisdiction is nonexistent."  (Emphasis added.) . . . .  [W]henever a court discovers that it lacks jurisdiction over the subject matter or the cause of action *it is compelled to dismiss the matter under all circumstances*, even where we erroneously decided the question in a prior ruling.

*Hughes v. Pa. State Police*, 619 A.2d 390, 393 (Pa. Cmwlth. 1992); *see also Domagalski v. Szilli*, 812 A.2d 747, 750 n.2 (Pa. Cmwlth. 2002) ("[W]e will reconsider a decision from a single judge if the decision concerns subject matter jurisdiction."); *Curley v. Bd. of Sch. Dir. of the Greater Johnstown Sch. Dist.*, 641 A.2d 719, 723 n.3 (Pa. Cmwlth. 1994) ("[T]his Court will reconsider a decision from a single judge if the decision concerns subject matter jurisdiction.").